RONALD ADY
RONALD ADY, PLLC (USB 3694)
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax

Attorney for Plaintiff

---

# IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NOEL AMADOR,<br><br>  Plaintiff,<br><br>  v.<br><br>THE LAW OFFICES OF KIRK A. CULLIMORE, L.L.C, STILLWATER APARTMENTS INVESTORS, LLC (fka Stillwater Apartments), and DEFENDANT DOES I through XV,<br><br>  Defendants. | **COMPLAINT**<br><br>(Jury Trial)<br><br>**Case No. 2:19-cv-00264**<br><br>**Judge** Tena Campbell |

Plaintiff Noel Amador, by and through counsel, complains against the above-referenced Defendants as follows.

I. **PRELIMINARY STATEMENT**

1. On December 27, 2011 the Defendants entered a default judgment against the Plaintiff in case no. 110417910 in the Third District Court, State of Utah in the amount of $1662.27 with interest on that judgment at 18%.

2. As of March 8, 2019 some $2,150.00 in interest had accrued on that judgment, which means that with the principal, accrued interest, costs to apply for and serve a writ of continuing garnishment; the total amount owing on the default judgment on March 8, 2019 was about $4,000.00.

3. On March 8, 2019 Defendants applied for a writ of continuing garnishment in the amount of $8,083.66 to collect on that default judgment, and then proceeded to garnish the Plaintiff's wages every two weeks pursuant to that writ of continuing garnishment.

4. Under Utah law a writ of continuing garnishment remains in force for a year, and Defendants have been garnishing in excess of $300.00 from the Plaintiff's wages every two weeks.

II. **JURISDICTION AND RELATIONSHIP OF THE PARTIES**

5. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § l692, the Utah Consumer Sales Practices Act, *Utah Code* § 13-11-1 et seq. (UCSPA), and state common-law claims.

6. The Court has jurisdiction pursuant to l5 U.S.C. § 1692k; 28 U.S.C. § l33l, 28 U.S.C. § l332, and § 1367.

7. Plaintiff is a natural person who resides in the State of Utah.

8. Plaintiff is a consumer within the FDCPA.

9. Plaintiff is a consumer within the UCSPA.

10. The Law Offices of Kirk A. Cullmore, L.L.C. (hereafter Cullimore L.L.C.) is a professional limited liability company which has as its principal place of business 12339 S 800 E, STE 100, Draper, UT 84020 and which has as its statutory registered agent Kirk A. Cullimore of the same address.

11. Within the FDCPA the Defendant Cullimore, L.L.C. is a debt collector collecting a debt from the Plaintiff.

12. Within the UCSPA the Defendant Cullimore L.L.C. is a supplier enforcing a consumer transaction against the Plaintiff.

13. At all times material to the Plaintiff's claims, the Defendant Cullimore, L.L.C. acted as the attorney at law and attorney-in-fact for the Defendant Stillwater Apartments in collecting on the default judgment from the Plaintiff.

14. The Defendant Stillwater Apartments Investors, LLC (fka Stillwater Apartments) is a Delaware company which has as its principal place of business 5429 LBJ Freeway, Ste. 800, Dallas, TX 75240 and which has as its statutory registered agent CT Corporation System, 1108 E. South Union Ave., Midvale UT 84047.

15. Within the UCSPA the Defendant Stillwater Apartments Investors, LLC (hereafter Stillwater Apartments) is a supplier enforcing a consumer transaction against the Plaintiff.

16. Defendant Does I through X are persons employed by or representing the Defendant Cullimore, L.L.C. who oversaw and had control of the collection of the alleged debt from the Plaintiff and, in particular, who directed the collection efforts of the Defendant Cullimore, L.L.C. against the Plaintiff, including collection of the amount stated in the state court March 8, 2019 Application for Writ of Garnishment, and who oversaw the Defendant Cullimore, L.L.C.'s debt collection policies, practices, and prosecutions. At all times material to the Plaintiff's claims the Defendant Does I through X were acting for and representing, and had authority to act for and represent, the Defendant Cullimore, L.L.C..

17. Within the FDCPA each of the Defendant Does I through X are debt collectors collecting a debt from the Plaintiff.

18. Within the UCSPA each of the Defendant Does I-X is a supplier enforcing a consumer transaction against the Plaintiff.

19. The Defendant Does XI through XV are persons as yet unknown employed by Stillwater Apartments that were responsible for and directed the actions of Cullimore L.L.C. in collecting on the judgment.

20. Within the UCSPA each of the Defendant Does I-X is a supplier enforcing a consumer transaction against the Plaintiff.

## Factual Allegations

21.     Plaintiff incorporates and re-pleads the factual allegations stated in paragraphs 1 to 20 above.

22.     The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

23.     The foregoing acts and omissions of the Defendant Cullimore, L.L.C. and one or more Defendant Does I through X were undertaken indiscriminately and persistently, as part of Defendants' regular and routine collection efforts, pursuant to a pattern and practice of the Defendants in collecting on overstated balances on judgment debts, and without regard to or consideration of the identity or rights of the Plaintiff Noel Amador.

24.     As a direct and immediate result of these wrongful collection efforts by the Defendants the Plaintiff Noel Amador became physically sick and not only incurred bouts of crying but also had depression, anxiety attacks, loss of her ability to concentrate and focus at work, a greatly shortened temper, headaches, tiredness, and sleeplessness.

## RIGHT TO JURY TRIAL

25.     Plaintiff claims the right to a jury trial under the 7th Amendment of the

United States Constitution and pursuant to *Fed. R. Civ. P.* 38.

## FIRST COUNT
(Abuse of Process)

26. Plaintiff Noel Amador re-alleges and incorporates the preceding and succeeding paragraphs of her complaint as if specifically restated herein.

27. On information and belief, the Defendant Cullimore, L.L.C. and one or more of the Defendant Does I-X at all times material to the Plaintiff's claims knew that they were applying for garnishment of amounts which exceeded the amount owing on the default judgment by thousands of dollars, and the Defendant Cullimore, L.L.C. and one or more of the Defendant Does I through X intentionally and willfully collected on thousands of dollars in excess of the amount owing on the default judgment.

28. In applying for the March 8, 2019 writ of garnishment to collect amounts in excess of the $1,662.27 judgment debt and the interest accruing on that $1,662.27 judgment debt, Defendants acted willfully in using the March 8, 2019 Application for Writ of Garnishment to accomplish an improper purpose, that is, to use judicial process to collect amounts from the Plaintiff which a court had not determined were owing from the Plaintiff.

29. In wrongfully collecting this excess and unwarranted amount the Defendants caused the Plaintiff harm by collecting from her funds to which she was legally entitled.

30. Thus, in applying for garnishment of funds in excess of the amount adjudicated to be owing of $1662.27 plus 18% interest on that amount, Defendants willfully used the March 8, 2019 Application for Writ of Garnishment for a purpose not proper in the regular conduct of the garnishment proceeding.

31. In fact, in making the March 8, 2019 application for recovery of that excess and unwarranted amount, Defendants' primary purpose in applying for recovery of the excess and unwarranted amount was the misuse of legal process to accomplish a purpose for which it is not designed.

32. As the principal of its agent Cullimore, L.L.C., the Defendant Stillwater Apartments is liable for the abuse of process described above by the Defendant Cullimore, L.L.C., its officers, employees, and agents.

33. The Defendants' abuse of process stated above entitles the Plaintiff to actual, special, compensatory, consequential and general damages from each of the Defendants in an amount to be proven at the trial of the within action.

### SECOND COUNT
### (Conversion)

34. Plaintiff Noel Amador re-alleges and incorporates the preceding and succeeding paragraphs of her complaint as if specifically restated herein.

35. In applying for the March 8, 2019 writ of garnishment to collect amounts in excess of the December 27, 2011 $1,662.27 judgment debt plus the 18% interest

7

accruing on that judgment debt, the Defendant Cullimore, L.L.C. , and one or more of the Defendants Doe I through X, used the writ of garnishment to convert Plaintiff's funds in excess of the amount owed on the judgment debt to the Defendants' own use in the amount of the writ of garnishment which was in excess of the amount owing under the December 27, 2011 $1662.27 judgment debt, that is, to collect amounts from the Defendant for which the state court had not entered an order or judgment authorizing collection of those amounts; thus converting that excess and unwarranted amount to the Defendants' own use.

36. As the principal of its agent Cullimore, L.L.C., the Defendant Stillwater Apartments is liable for the conversion described above by the Defendant Cullimore, L.L.C., its officers, employees, and agents.

37. The Defendants' conversion of the Plaintiff's funds stated above entitles the Plaintiff to actual, special, compensatory, consequential and general damages from each of the Defendants in an amount to be proven at the trial of the within action.

### THIRD COUNT
### (Violation of the FDCPA by Defendant Cullimore, L.L.C. and Defendant Does I through X)

38. Plaintiff Noel Amador re-alleges and incorporates the preceding and succeeding paragraphs of her complaint as if specifically restated herein.

39. At all times material to the Plaintiff's claims the Defendant Cullimore,

L.L.C. was a debt collector within the meaning of the FDCPA, and in fact, a review of Xchange discloses that the Defendant Cullimore, L.L.C. routinely files hundreds of court actions every year to collect on behalf of various landlords in Utah debts alleged to be owing from tenants of a landlord's premises.

40. The Plaintiff Noel Amador's default judgment debt she incurred with the Defendants was for personal, family, or household use, that is, that judgment debt resulted from her residential tenancy at the Stillwater Apartments, and so her dealings with the Defendants constituted a debt within the meaning of the FDCPA .

41. In its collection efforts against the Plaintiff Noel Amador, the Defendant Cullimore, L.L.C., and one or more of the Defendant Does I though X, violated the FDCPA by:

    i. falsely asserting in the March 8, 2019 Application for Writ of Garnishment that the Plaintiff owed $8,083.66 to the default judgment-creditor, the Defendant Stillwater Apartments. See 15 U.S.C. § 1692e(10) (use of any false representation or deceptive means in collecting a debt);

    ii. falsely indicating that the accrued amount judicially adjudicated to be due and owing on the default judgment debt was $8,083.66. See 15 U.S.C. § 1692e(2)(A) (The false representation of the character, amount, or legal status of any debt);

       iii.    falsely asserting to the Plaintiff's employer that $8,083.66 was to be garnished from the Plaintiff's wages. See 15 U.S.C. § 1692e(10);

42.    For these violations of the FDCPA, Plaintiff Noel Amador is entitled to the greater of statutory damages of $1,000.00 from these Defendants or her actual damages.

### FOURTH COUNT
### (Communications Fraud by the Defendant Cullimore, L.L.C.)

43.    Plaintiff Noel Amador re-alleges and incorporates the preceding and succeeding paragraphs of her complaint as if specifically restated herein.

44.    In applying for and garnishing the Plaintiff Noel Amador's wages with a writ of continuing garnishment issued in case no. 1110417910 the Defendant Cullimore, L.L.C. and one or more of the Defendant Does I through X engaged in communications fraud within the meaning of *Utah Code Ann*. § 76-10-1801, thus making these Defendants liable to the Plaintiff Alex Taylor under *Utah Code Ann.* § 78B-6-1801.

45.    Among other things, these Defendants communications fraud included their use of one or more elements of the Plaintiff's sensitive personal identifying information to serve a writ of garnishment for $8,083.86 upon the Plaintiff's employer to collect amounts substantially in excess of the amount owing on the December 27, 2011 default judgment for $1,662.27 in case no. 1110417910.

46.    These Defendants thereby communicated directly with the Plaintiff's

employer, and indirectly with the Plaintiff (due to this continuing garnishment being communicated to the Plaintiff by the garnishment papers served on her and due to her receiving paychecks itemizing the amount garnished and withheld from her paycheck), through the mail, computer, or by spoken and written communication, for the purpose of implementing these Defendants' scheme or artifice to deprive the Plaintiff of funds substantially in excess of the amount owing on the December 27, 2011 default judgment for $1,662.27 (plus interest, court costs, and attorney fees as allowed by *Utah R. Civ. P.* 73(f)(3)(B)).

47. Based on the foregoing, the Plaintiff Noel Amador is entitled to recover from these Defendants the greater of compensatory damages of $1,000.00, or three times the amount of her actual damages, whichever is greater, plus punitive damages, attorney fees and costs as provided for by *Utah Code Ann.* § 78B-6-1801.

### FIFTH COUNT
**(Violation of the UCSPA by Defendant Cullimore, L.L.C.)**

48. Plaintiff Noel Amador re-alleges and incorporates the preceding and succeeding paragraphs of her complaint as if specifically restated herein.

49. In enforcing the Defendant Stillwater Apartment's default judgment for $1,662.27 against the Plaintiff Noel Amador, the Defendants Cullimore, L.L.C. and Does I through X were suppliers within the meaning of *Utah Code Ann*. § 13-11-3(6).

50. The Plaintiff Noel Amador's default judgment debt incurred with the

Defendant Stillwater Apartments resulting from her tenancy with that Defendant was for personal, family, or household use, and so her dealings with these Defendants constituted a consumer transaction within the meaning of *Utah Code Ann*. § 13-11-3.

51. Within two years prior to the date of this action the Defendant Cullimore, L.L.C. and one or more of the Defendant Does I through X engaged in acts and practices in relation to Plaintiff which were in violation of the Utah Consumer Sales Practices Act, § 13-11-4(2) by intentionally or knowingly:

i. indicating a consumer transaction involves or does not involve . . .rights, remedies, or obligations, if the representation is false; that is, indicating that the Plaintiff Noel Amador owed $8,083.66 on the default judgment when she did not, in violation of sub-section 4(2)(j)(i);

ii. indicating that the excess amounts claimed by the Defendants in the Application for a Writ of Continuing Garnishment had the approval the Utah district court, when Defendants did not have the court's approval, in violation of sub-section 4(2)(i);

iii. charging the Plaintiff for a portion of a consumer transaction she did not previously agree to, that is, the Plaintiff was never contractually obligated by her lease with Stillwater Apartments to pay amounts in excess of the default judgment, and Plaintiff did not concede in the default judgment to pay Defendants, the excess amounts claimed by the Defendants in the Application for Writ of Continuing Garnishment, and

by collecting on that excess amount these Defendants violated sub-section 13-11-4(2)(r) of the UCSPA;

52. For each of those violations of the UCSPA, Plaintiff is entitled to the greater of statutory damages of $2,000.00 from the Defendant Cullimore, L.L.C. and one or more of the Defendant Does I through X, and each of them, or actual damages, whichever is greater.

### SIXTH COUNT
**(Violation of the UCSPA by Defendant Stillwater Apartments)**

53. Plaintiff Noel Amador re-alleges and incorporates the preceding and succeeding paragraphs of her complaint as if specifically restated herein.

54. In enforcing the Defendant Stillwater Apartment's default judgment against the Plaintiff Noel Amador, the Defendant Stillwater Apartments and the Defendants Doe XI through XV were each a supplier within the meaning of *Utah Code Ann*. § 13-11-3(6).

55. The Plaintiff Noel Amador's default judgment debt incurred with the Defendant Stillwater Apartments resulting from her tenancy with that Defendant was for personal, family, or household use, and so her dealings with the Defendants constituted a consumer transaction within the meaning of *Utah Code Ann*. § 13-11-3.

56. Within two years prior to the date of this action the Defendant Stillwater Apartments and one or more of the Defendant Does XI through XV engaged in acts and

13

practices in relation to Plaintiff which were in violation of the Utah Consumer Sales Practices Act, *Utah Code Ann.* § 13-11-4(2) by intentionally or knowingly failing to maintain adequate records accounting for the amount owing on the default judgment debt in case no. 110417910, thereby indicating to the Plaintiff she had monetary obligations on that default judgment she did not have, in violation of *Utah Code Ann.* § 13-11-4(2)(j)(i).

57. For each of this violation of the UCSPA, Plaintiff is entitled to the greater of statutory damages of $2,000.00 from each of the Defendant Stillwater Apartments and one or more of the Defendant Does XI through XV, and each of them, or Plaintiff's actual damages, whichever is greater.

### SEVENTH COUNT
(Civil Conspiracy - All Defendants)

58. Plaintiff Noel Amador re-alleges and incorporates the preceding and succeeding paragraphs of her complaint as if specifically restated herein.

59. On information and belief, at all times material to the Plaintiff's claims in the within action the Defendants Cullimore, L.L.C. (including one or more of the Defendant Does I through X) and the Defendant Stillwater Apartments (including one or more of the Defendant Does XI through XV) combined together, took concerted together, or conspired together for the purpose of using the judicial process to collect from the Plaintiff Amador thousands of dollars in excess of the amount judicially

adjudicated to be owing on the default judgment in case no. 110417910..

60. In combining together to take concerted action to for the purposes stated immediately above, each of the Defendants named above intentionally committed the following unlawful, overt acts:

    i. Abuse of process as stated in paragraphs 26 through 33 above;

    ii. Conversion as stated in paragraphs 34 through 37 above;

    iii. Communications Fraud as stated in paragraphs 43 through 47;

    iv. Violations of the UCSPA as stated in paragraphs 48 through 57 above;

61. Plaintiff, on information and belief, states that after further opportunity for reasonable investigation or discovery she will likely have evidentiary support to show that there was a meeting of the minds between the Defendants to perform the acts stated in paragraph 60 above, in that the Defendants:

    i. knew they were using judicial process to collect thousands of dollars in excess of the amount adjudicated to be owing on the default judgment in case no. 110417910;

    ii. knew that they had failed to properly account for the amounts judicially adjudicated to be owing in case no. 110417910;

          iii.    knew that they could not use the judicial process to collect amounts in excess of the amounts judicially adjudicated to be owing on the default judgment in case no. 110417910.

62.    As a direct and proximate result of that conspiracy, Plaintiff has been severely damaged in that she has had a writ of continuing garnishment issued against her wages for approximately twice as much as has been judicially adjudicated to be owing on the default judgment in case no. 110417910, and has suffered incidental and consequential damages, including emotional distress.

### EIGHTH COUNT
(UCSPA Declaratory Relief)

63.    Plaintiff Noel Amador re-alleges and incorporates the preceding and succeeding paragraphs of her complaint as if specifically restated herein.

64.    Plaintiff requests declaratory relief pursuant to the *Utah Code Ann.* § 13-11-19(1)(a) stating that Defendants' use of the judicial process in case no. 110417910 to collect amounts in excess of the amount judicially adjudicated to be owing on the default judgment is violative of the UCSPA.

65.    Alternatively, Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 and *Fed. R. Civ. P.* 57 stating that the Defendants have no legal grounds, in law or equity, to use the March 8, 2019 Writ of Continuing Garnishment to collect amounts in excess of the $1,662.27 December 27, 2011 judgment debt (plus accrued interest on that amount, court costs, and attorney fees).

### NINTH COUNT
(UCSPA Injunctive Relief)

66.     Plaintiff Noel Amador re-alleges and incorporates the preceding and succeeding paragraphs of her complaint as if specifically restated herein.

67.     Plaintiff requests injunctive relief pursuant to the *Utah Code Ann.* § 13-11-19(1)(a) injoining Defendants' use of the judicial process in case no. 110417910 to collect amounts in excess of the amount judicially adjudicated to be owing on the default judgment.

**WHEREFORE** Plaintiff respectfully demands that this Court enter judgment for the Plaintiff and against the Defendants, and each of them by awarding such damages as are permitted by law, statutory, actual, consequential, special, compensatory, and general including:

a.     Plaintiff's actual, special, compensatory, consequential and general damages resulting from the Defendants' tortious conduct;

b.     The greater of Plaintiff's actual damages resulting from the Defendant Cullimore, L.L.C. and Does I through X for violation of the FDCPA or $1,000.00 in statutory damages for these FDCPA violations.

c.     The greater of Plaintiff's compensatory damages of $1,000.00 or three times the Plaintiff's actual damages resulting from the Defendants' communications

17

fraud, plus punitive damages and attorney fees pursuant to that statute.

    d.    Plaintiff's actual damages resulting from the Defendants Cullimore, L.L.C.'s and Does I through X violations of the UCSPA, or $2,000 in statutory damages from each of these Defendants for each of their USCPA violations.

    e.    Plaintiff's actual damages resulting from the Defendants Stillwater Apartments and Does XI through XV violations of the UCSPA, or $2,000 in statutory damages from each of these Defendants for each of their USCPA violations.

    f.    Punitive damages from the Defendant Cullimore, L.L.C. and one or more of the Defendant Does I through X, as provided for by *Utah Code* § 78B-8-201.

    g.    Declaratory and injunctive relief pursuant to the UCSPA, or alternatively, declaratory relief pursuant to 28 U.S.C. § 2201 and *Fed. R. Civ. P.* 57, and injunctive relief pursuant *Fed. R. Civ. P.* 65.

    h.    Plaintiff's costs of suit and reasonable attorney fees provided for by the FDCPA and UCSPA.

DATED this 18th day of April, 2019.

                            /S/Ronald Ady
                            RONALD ADY, PLLC
                            8 East Broadway, Ste. 725
                            Salt Lake City, UT 84111
                            (801) 530-3122
                            (801) 746-3501 fax
                            adyr@80law.com
                            Attorney for the
                            Plaintiff Noel Amador