IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NOEL AMADOR,<br><br>                    Plaintiff,<br><br>vs.<br><br>THE LAW OFFICES OF KIRK A. CULLIMORE, LLC; STILLWATER APARTMENTS INVESTORS, LLC (fka Stillwater Apartments); and DOES I–XV,<br><br>                    Defendants. | ORDER AND MEMORANDUM DECISION<br><br><br>Case No. 2:19-cv-00264<br><br>Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff Noel Amador filed this action in 2019 against the Law Offices of Kirk A. Cullimore (Cullimore), Stillwater Apartments Investors, LLC, (Stillwater) and Does I–XV (collectively, the Defendants). Her claims arise from Defendants' attempt to collect damages on a state court judgment that was awarded against her in 2011. Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56.

For the reasons described below, the Court GRANTS Defendants' Motion for Summary Judgment (ECF No. 40).

## **FACTUAL BACKGROUND[1]**

---

[1] The following facts are either undisputed or based on evidence submitted as summary judgment exhibits and viewed in a light most favorable to Ms. Amador, the non-moving party. Immaterial facts and facts not supported by the record are omitted. See Hartford Fire Ins. Co. v. P & H Cattle Co., 451 F. Supp. 2d 1262, 1265 (D. Kan. 2006), aff'd, 248 F. App'x 942 (10th Cir. 2007).

On December 9, 2011, Stillwater filed an unlawful detainer action against Ms. Amador in Utah's Third District Court (the state court). (Defs.' App. Ex. 7 (ECF No. 40-1).) Stillwater alleged that Ms. Amador, who lived in a Stillwater apartment and had a rental agreement with Stillwater, had failed to make rental payments. Stillwater had served Ms. Amador with a three-day notice to pay or vacate, and she failed to comply.

Ms. Amador did not respond to Stillwater's complaint, and the state court entered a default judgment against her on December 27, 2011 (the default judgment). (Defs.' App. Ex. 2.) The default judgment awarded Stillwater damages as follows:

> Previous Balance: $28.15
> Daily rent 12/01/2011–12/05/2011: $111.67
> Late Fees: $67.00
> Treble Damages 12/06/2011–12/16/2011: $737.00
> Service of Notice Fee: $15.00
> Utilities: $123.45
> Court Costs: $95.00
> Attorney Fees: $485.00
> **TOTAL JUDGMENT:** $1662.37

(Ex. 2 (bold text in original).) The judgment also awarded

> a continuing judgment as against Defendant Noel Amador for treble damages at the rate of $67.00 per day until the premises complained of are vacated. [Stillwater] may motion the Court to augment this judgment for future rent and damages as provided by contract, subject to [Stillwater's] obligation to mitigate. Interest shall accrue on this judgment as provided by contract at the rate of 18% from the date of judgment until paid.

(Id.)

Ms. Amador ultimately vacated Stillwater's apartment on January 9, 2012. [2] (Defs.' App. Ex. 4, Ex. 9.) She stayed on the premises for an additional 24 days after the period of treble

---

[2] Ms. Amador says that Defendants' have not presented any admissible evidence of the date when she vacated Stillwater's property. But the record before the court—including the state court's April 2, 2020, ruling and renewed judgment (the "ruling" and the "renewed judgment")—shows that Ms. Amador vacated the property on January 9, 2012. (See Defs.' App.

damages in the default judgment had vested on December 16, 2011. Interest began accruing on January 10, 2012.

On February 7, 2019, Cullimore filed an application for a writ of garnishment (the writ) against Ms. Amador. Cullimore is a debt collector under the Fair Debt Collection Practices Act (FDCPA), and Ms. Amador's debt is a consumer debt under that statute. The writ stated that the amount owing was $8,083.66, and that an additional $1,608.00 of treble damages accrued during the remainder of Ms. Amador's occupation of the premises—$67 per day for 24 days. (Id.)

On April 2, 2020, Defendants moved the state court to renew judgment against Ms. Amador. (Defs.' App. Ex. 4.) The state court granted Defendants' motion (the renewed judgment), and calculated damages as follows:

> Original judgment: $1,662.27
> Treble Damages through 1/9/12 per judgment: $1,608.00
> Post Judgment interest (1/10/12 – 12/20/19): $8,914.33
> Post Judgment court costs: $182.00
> Filing fee for Motion to Renew: $92.50
> Attorney Fees (Rule 73, URCP): $75.00

---

Ex. 9 at 3 ("It is undisputed that [Stillwater] has correctly identified the date of [Ms. Amador's] departure."); Defs.' App. Ex. 4.) Ms. Amador does not introduce any evidence that she vacated the property on a different date. She argues that the court cannot consider the facts discussed in the state court ruling and renewed judgment because these decisions were voided by Ms. Amador's bankruptcy discharge and no longer have legal existence. See 11 U.S.C. § 524(a)(1) ("A discharge in a case under this title voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged…"). The court is unpersuaded by Ms. Amador's argument. First, the language of § 524(a)(1) is clear that a judgment is only void to the extent that it determines the debtor's personal liability for the discharged debt. See In re Morgan, No. BR 10-26708, 2020 WL 1923617, at *12 (Bankr. D. Utah Apr. 16, 2020). Here, Defendants do not dispute Ms. Amador's liability for the discharged debt. Rather, they only use the ruling and renewed judgment to prove the date when Ms. Amador moved out of the Stillwater Apartments. Second, if the underlying facts of the state court ruling and renewed judgment are without legal existence, then the original default judgment is also void and without legal existence under § 524(a)(1). Ms. Amador's entire lawsuit is based on the court's consideration of the default judgment, and there is no logical reason why the court can consider the underlying facts of the default judgment but not those of the state court ruling and renewed judgment.

Less Payments $-2713.10
**TOTAL JUDGMENT: $9,821.00**

(Id. (bold text in original).)

Interest continued to accrue on Ms. Amador's debt until Ms. Amador was

discharged of the debt on September 28, 2020 under a Chapter 7 bankruptcy.

(Defs.' App. Ex. 5; Ex. 6.)

## **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). "A fact is 'material' if, under the governing law, it could have an effect on the

outcome of the lawsuit. A dispute over a material fact is 'genuine' if a rational jury could find in

favor of the nonmoving party on the evidence presented." Tabor v. Hilti, Inc., 703 F.3d 1206,

1215 (10th Cir. 2013) (internal quotation omitted)).

"If the movant meets this initial burden, the burden then shifts to the nonmovant to set

forth specific facts from which a rational trier of fact could find for the nonmovant." Talley v.

Time, Inc., 923 F.3d 878, 893–94 (10th Cir. 2019) (internal quotation omitted). Should the

nonmovant bear the burden of persuasion at trial, "[t]hese facts must establish, at a minimum, an

inference of the presence of each element essential to the case." Id. (quoting Savant Homes, Inc.

v. Collins, 809 F.3d 1133, 1137 (10th Cir. 2016)).

When evaluating a motion for summary judgment, the court must view the facts and draw

all reasonable inferences in favor of the non-moving party. Tabor, 703 F.3d at 1215. But this is

only true insofar as "there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372,

380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for

the nonmoving party, there is no 'genuine issue for trial.'" <u>Id.</u> (quoting <u>Matsushita Elec. Indus.</u> <u>Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586–587 (1986)).

**<u>ANALYSIS</u>**

Ms. Amador raises nine causes of action against Defendants under common law, the Federal Debt Collection Practices Act (FDCPA), the Utah Consumer Sales Practice Act (UCSPA), and the Utah criminal code. Ms. Amador's claims against Defendants are based on the premise that Defendants could not legally impose additional treble damages in the amount of $1,608.00. According to Ms. Amador, Defendants were only authorized to collect the damages awarded by the default judgment—$1,662,37— plus seven years of simple interest— $2,128.22—for a total amount of $3,709.59. She alleges that Defendants' attempt to collect more than $3,709.59 was an abuse of process, an unlawful conversion, communications fraud, a violation of the FDCPA and UCSPA, and a civil conspiracy. (<u>See</u> Compl. at 6–17 (ECF No. 2); Pl.'s Opp'n Br. at 19 (ECF No. 43).) She also seeks declaratory and injunctive relief under the UCSPA. (Compl. at 16–17.)

To begin, the court must decide whether there is a genuine issue of material fact regarding the amount of damages Defendants were entitled to collect from Ms. Amador when they requested garnishment on February 7, 2019.

Under Utah law, "liquidated damages are those that can be precisely determined." <u>Sewell</u> <u>v. Xpress Lube</u>, 321 P.3d 1080, 1088 (Utah 2013). If the court can accurately calculate the amount of damages based on factual allegations in the complaint, the damages are liquidated and the court need not conduct a hearing before issuing a default judgment. <u>Id.</u>; <u>see also</u> <u>Skanchy v.</u> <u>Calcados Ortope SA</u>, 952 P.2d 1071, 1076 (Utah 1998) ("To enter a default judgment for <u>unliquidated</u> damages, a judge must review the complaint, determine whether the allegations

5

state a valid claim for relief, and award damages in an amount that is supported by some valid evidence.... That usually means a hearing must be held so that the plaintiff can provide evidentiary support for the award of damages.") (emphasis added).

Ms. Amador argues that the default judgment awarded unliquidated damages. Consequently, she says Defendants needed to move to augment the judgment beyond the $737.00 in treble damages that was expressly awarded. But Ms. Amador's assertion is incorrect. The additional treble damages can be precisely determined with mathematical certainty: $67 per day for every day that Ms. Amador remained on Stillwater's property. Accordingly, Defendants were entitled to apply for a writ of garnishment that included additional treble damages of $67 per day for 24 days—$1,608.00.

Moreover Ms. Amador maintains that because the default judgment stated that Defendants "may motion the Court to augment this judgment for future rent and damages as provided by contract," Defendants were required to file a motion with the court before seeking additional treble damages, which Defendants never did. (Defs.' App. Ex. 2.) But the state court already provided a specific mechanism for the calculation of damages, and the default judgment language merely states that Stillwater "may" file a motion to augment the judgment for future rent and damages. This permissive language, in combination with the judgment's calculable damages formula, demonstrates that the Defendants did not need to move to augment the judgment before calculating and requesting garnishment of $1,608.00 in additional treble damages.

Having established that the Defendants sought to collect the proper amount of damages through their writ of garnishment, the court turns to Ms. Amador's claims. Each of her claims requires some element of fraud, impropriety, unlawfulness, or misrepresentation. Because the

record does not show any evidence of fraud, impropriety, unlawfulness, or misrepresentation on behalf of the Defendants, no reasonable trier of fact could find in Ms. Amador's favor.

To illustrate, conversion and abuse of process claims require that that a defendant willfully interfered with a chattel "without lawful justification," or "used legal process to accomplish an improper purpose," respectively. Mountain West Surgical Center, LLC v. Hospital Corp. of Utah, 173 P.3d 1276, 1278 (Utah 2007); Bonnie & Hyde, Inc. v. Lynch, 305 P.3d 196, 205 (Utah Ct. App. 2013) (quoting Fibro Trust, Inc. v. Brahman Fin., Inc., 974 P.2d 288, 295–96 (Utah 1999)). As described, there is no genuine issue of material fact about whether Defendants lacked a proper purpose or lawful justification in requesting garnishment of $1,608.00 in additional treble damages. Similarly, the FDCPA prohibits debt collectors from using false, deceptive, or misleading means in connection with the collection of debt; Defendants' debt collection activities were not false, deceptive, or misleading. 15 U.S.C.A. § 1692e. Ms. Amador's other claims fail for similar reasons—Defendants were lawfully justified in requesting additional treble damages of $ 1,608.00.

Finally, Defendants request attorney's fees. Under 15 U.S.C § 1692k(e), the court has discretion to award attorney's fees if it finds "that an action under this section was brought in bad faith and for the purpose of harassment." The court denies Defendants' request for attorney's fees. There is insufficient evidence that Ms. Amador's action was brought in bad faith or for the sole purpose of harassing Defendants. Moreover, the court seeks to avoid placing Ms. Amador back into the severe debt she was in before her bankruptcy.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment (ECF No. 40) is GRANTED. Attorney's fees are NOT AWARDED.

DATED this 16th day of March, 2021.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge